IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| JIMMY CLEVELAND BURGETT, ) | |
| TDCJ No. 627794, ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | Civil No. 7:07-CV-157-O |
| ) | |
| RICK THALER, Director, ) | |
| Texas Department of Criminal Justice, ) | |
| Correctional Institutions Division, ) | |
|     Respondent. ) | |

MEMORANDUM OPINION AND ORDER

Came on to be considered the papers and pleadings filed in this action and the Court finds and orders as follows:

This is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by an inmate confined in the Luther Unit of the Texas Department of Criminal Justice in Navasota, Texas. On August 31, 2005, pursuant to his plea of guilty, Burgett was convicted by the 97th Judicial District Court of Montague County, Texas for delivery of less than one gram of a controlled substance, methamphetamine. *Fed. Writ Pet. at p. 2.* His sentence, enhanced by two prior felony convictions, was assessed at ten-years confinement in accordance with the plea agreement. *Clerk's Record at pp. 43-45.* Burgett reserved the right to appeal the trial court's denial of his pretrial motions.

On December 7, 2006, in an unpublished opinion, the Second Court of Appeals affirmed the trial court's conviction. *Burgett v. State,* No. 2-05-00377-CR (Tex. App. -- Fort Worth 2006). On February 12, 2007, Burgett filed a petition for discretionary review in the Court of Criminal Appeals which was refused on April 25, 2007. *Burgett v. State,* PDR-0206-07 (Tex. Crim. App. 2007). Burgett filed a state habeas application challenging this conviction on March 29, 2006. It was denied

without written order on June 14, 2006. Burgett filed a second state habeas application challenging the same conviction on July 5, 2007. The application was dismissed as a subsequent application on September 12, 2007. *Ex Parte Burgett*, No. 1,545-13 at cover, 16. The instant petition was signed by Burgett on October 10, 2007 and filed with the Court on October 18, 2007. *Fed. Writ Pet. at pp. 1 & 10*.

In support of the instant petition, Burgett presents the following grounds for relief:

1. double jeopardy in violation of Fifth Amendment protections;

2. untimely indictment due to time elapsed between formal accusation and indictment surpassing time allowed under state law;

3. trial court erred in not granting motion to quash indictment based on fatal variance between arrest warrant and returned indictment;

4. speedy trial violation;

5. denial of a fair trial because *pro se* defendant Burgett was denied access to a law library, and;

6. ineffective assistance of counsel, on the grounds that court appointed counsel failed to:

    a. consult Burgett about the appeal;
    b. present claim (1) above, and;
    c. correctly present arguments supporting claims (3), (4), and (5) above.

*Fed. Writ Pet. at pp. 7-9*.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or "the Act"), Pub. L. 104-132, 110 Stat. 1214, under which we now have a heightened standard of review in federal habeas corpus proceedings. Title I of the Act substantially changed the way federal courts handle such actions. The AEDPA applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997).

Petitioner filed the instant petition after the effective date of the AEDPA. Therefore, Title I of the Act applies to his petition.

The AEDPA provides in pertinent part:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

  (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

  (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

28 U.S.C.A. § 2254(d) (West 2002).

Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). Under § 2254(d)(2), the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court (1) unreasonably applies the correct legal rule to the facts of a particular case or (2) it unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 407. The standard for determining whether a state court's application was unreasonable is an objective one. This standard of review applies to all federal habeas corpus petitions which, like the instant case, were filed after April 24, 1996, provided that they were adjudicated on the merits

in state court. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Resolution on the merits in the habeas corpus context is a term of art that refers to the state court's disposition of the case on substantive rather than procedural grounds. *Green v. Johnson*, 116 F.3d 1115, 1121 (5th Cir. 1997).

Upon a finding of state court compliance with the "contrary to" clause of 28 U.S.C. § 2254(d)(1), federal courts give deference to the state court's findings unless such findings violate the "unreasonable application" clause of 28 U.S.C. § 2254(d)(2). *Chambers*, 218 F.3d at 363. The "unreasonable application" clause concerns only questions of fact. *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). The resolution of factual issues by the state court are afforded a presumption of correctness and will not be disturbed unless the habeas petitioner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Sumner v. Mata*, 449 U.S. 539, 550 (1981). Absent such evidence, the presumption of correctness is applied provided that the state court findings are evidenced in writing, issued after a hearing on the merits and are fairly supported by the record. *E.g., Burden v. Zant*, 498 U.S. 433 (1991); *Williams v. Scott*, 35 F.3d 159, 161 (5th Cir. 1994).

**Procedural Bar**

When a criminal defendant enters a plea of guilty, it is more than a mere confession; it is an admission that the defendant committed the offense charged. *Taylor v. Whitley*, 933 F.2d 325, 327 (5th Cir. 1991) (citing *North Carolina v. Alford*, 400 U.S. 25, 32 (1970). Once a criminal defendant has entered a guilty plea, all nonjurisdictional defects in the proceedings are waived except claims of ineffective assistance of counsel relating to the voluntariness of the guilty plea. *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983) (citing *Barrientos v. United States*, 668 F.2d 838, 842 (5th Cir. 1982)).

A petitioner is required to exhaust all state remedies for each claim before seeking federal habeas relief. See 28 U.S.C. § 2254(b). This entails submitting the factual and legal basis of any claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). A Texas prisoner must present his claim to the Texas Court of Criminal Appeals in a petition for discretionary review or in an application for writ of habeas corpus in order to exhaust. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985).

In the case before the Court, we must first determine if each habeas claim was properly presented to the state court for adjudication. That is, we must look to the record to ensure that all claims were "fairly presented" in the state court process. *Castille v. Peoples,* 489 U.S. 346, 351 (1989). To "fairly present" a claim "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state-law claim was made." *Wilder v. Cockrell*, 274 F.3d 255, 260 (5th Cir. 2001) (citing *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). Where a "petitioner advances in federal court an argument based on a legal theory distinct from that relied upon in the state court, he fails to satisfy the exhaustion requirement." *Id. at p. 259* (citing *Vela v. Estelle*, 708 F.2d 954, 958 n.5 (5th Cir. 1983)). The petitioner must "provide the state courts with a fair opportunity to apply controlling legal principles to the facts." *Id.* (citing *Anderson v. Harless*, 459 U.S. 4, 6 (1982)).

Burgett has not effectively attempted to exhaust his state remedies for claims (3) and (6). In his third ground for relief, Burgett argues that the trial court erred in overruling the petitioner's motion to quash the indictment. The theory he presents this Court rests on a "fatal variance" between the arrest warrant's charge of delivery of a controlled substance and the indictment's charge

of possession of a controlled substance. *Fed. Writ Pet. at 7*. Burgett's state-argued motions do not include this "fatal variance" claim. His state writ application asserts his challenges toward underlying double jeopardy, untimely indictment and speedy trial claims as reasons to quash the indictment, as he does here in claims (1), (2) and (4). *Ex parte Burgett*, No. 1,545-11, at 11-13. The state has not been afforded the opportunity to assert its defense as to this claim. For a habeas petitioner to prevail on a claim that is dependent on a violation of any federal constitutional right in the state proceedings, the petitioner must seek relief, not only in federal court, but in state court as well. *Duncan v. Henry*, 513 U.S. 364, 366 (1995). Burgett failed to seek remedies in the state court on this issue.

Burgett also failed to raise claim (6) in state court. While the claim of denial of effective assistance of counsel is not raised in this proceeding for the first time, the federal claim for relief and the state claim for relief are based on distinct facts and alleged counsel transgressions. His state claim was based upon previous counsel filing a timely notice of appeal. *Ex parte Burgett*, No. 1,545-11, at 11. Now, the petitioner seeks relief on the grounds that his counsel neglected to consult Burgett about the appeal, failed to introduce claim (1), and incorrectly argued claims (3), (4), and (5) above. By presenting varying facts for the same claim, the petitioner did not allow the state to apply its legal principles to the same set of facts.

A federal court has the discretion to offer a stay and abeyance in order to provide the petitioner to exhaust these claims in state court. *Rhines v. Webber*, 544 U.S. 269 (2005). However, Texas law bars a habeas corpus petitioner from filing successive post-conviction applications for relief based on grounds that could have been, but were not presented in the initial application. Vernon's Ann.Texas C.C.P. Art. 11.07. "If a petitioner fails to exhaust state remedies, but the court

to which he would be required to return to meet the exhaustion requirement would now find the claim procedurally barred, then there has been a procedural default for purposes of federal habeas corpus relief." *Finley v. Johnson* 243 F.3d 215, 220 (5th Cir. 2001). Therefore, this Court must procedurally bar claims (3) and (6), while taking on the merits of the petitioner's remaining claims.

## Double Jeopardy

Burgett accuses the State of violating his Fifth Amendment rights by exposing him to double jeopardy for the same offense. He states that after being indicted by a grand jury for possession of a controlled substance, the state dismissed the indictment only to have a second grand jury re-indict him for delivery of the same controlled substance. *Fed. Writ Pet. at 7.*

"[T]he Double Jeopardy Clause prohibits merely punishing twice, or attempting a second time to punish criminally, for the same offense." *Witte v. U.S.*, 515 U.S. 389, 396 (1995). Double jeopardy violations arise only after the first instance of jeopardy attaches. In the context of a plea of guilty, jeopardy attaches at the time of the guilty plea. *Fransaw v. Lynaugh,* 810 F.2d 518, 524 (5th Cir. 1987). There is no indication in the record that a jury was empaneled or that a plea was entered on the original indictment, therefore jeopardy did not attach prior to the second indictment and no relief can be granted based on this claim.

## Untimely Indictment

Burgett asserts that his habeas rights were violated by the state because of untimely indictment. *Fed. Writ Pet. at 7.* Petitioner states that a warrant for his arrest was issued on January 12, 2004 and that he was arrested on May 20, 2004, but that he was not indicted until October 11, 2004. *Fed. Writ Pet.* at 7. He argues that the State was required to indict him within 180 days of

the commencement of the criminal action and that they failed to do so thereby invalidating the indictment. *See Petitioner's Memorandum in Support of Petitioner at p. 2.*

It is well settled that "[t]he sufficiency of a state indictment is not a matter for federal habeas corpus relief unless it can be shown that the indictment is so defective that it deprives the state court of jurisdiction." *McKay v. Collins*, 12 F.3d 66, 68 (5th Cir. 1994) (citing *Branch v. Estelle*, 631 F.2d 1229 (5th Cir. 1980)); *see also Morlett v. Lynaugh*, 851 F.2d 1521, 1523 (5th Cir. 1988); *Uresti v. Lynaugh*, 821 F.2d 1099, 1102 (5th Cir. 1987). An indictment is fatally defective in the context of a § 2254 proceeding only if no circumstances could exist under which a valid conviction could result from facts provable under the indictment; state law provides the reference point for determining whether an indictment is sufficient. *Morlett*, 851 F.2d at 1523; *Johnson v. Estelle*, 704 F.2d 232, 236 (5th Cir. 1983). When the question of sufficiency of an indictment has been presented to the state's highest court of appeals, consideration of the question is foreclosed in federal habeas corpus proceedings. *McKay*, 12 F.3d at 68-69; *Morlett*, 851 F.2d at 1523; *Alexander v. McCotter*, 775 F.2d 595, 599 (5th Cir. 1985).

The Texas Court of Criminal Appeals is the highest court in the state which has jurisdiction to review a petitioner's conviction. *Tex. Code Crim. Proc. Ann. art. 4.04 (West 2007).* The record reflects that, in his state habeas application, Burgett raised the claim that the indictment was untimely as a result of state delays. *Ex parte Burgett,* No. WR-1,545-13 at p. 22. The Court of Criminal Appeals denied the application without written order, thereby, rejecting his claim. By refusing to grant habeas relief, the Texas Court of Criminal Appeals necessarily, though not expressly, held that the trial court had jurisdiction and that Burgett's indictment was sufficient for

purposes of the criminal proceeding. *See Alexander*, 775 F.2d at 595; *Smith v. McCotter*, 786 F.2d 697, 702 n.3 (5th Cir. 1986). Therefore, Petitioner is denied habeas relief on this ground.

## Speedy Trial

Burgett claims that he was denied the right to a speedy trial. The Sixth Amendment to the United States Constitution guarantees the accused's right to a speedy trial. U.S. CONST. amend. VI. "In *Barker v. Wingo*, 407 U.S. 514 (1972), the Supreme Court established a four-part balancing test for determining whether a defendant received a speedy trial within the meaning of the Sixth Amendment." *Knox v. Johnson*, 224 F.3d 470, 477 (5th Cir. 2000). Under that test, a court must consider (1) the length of the pretrial delay; (2) the government's reason for delaying trial; (3) how the defendant asserted his speedy trial rights, and (4) the prejudice caused by the delay. *Barker*, 407 U.S. at 530-532. A criminal defendant has the right to a speedy trial, unless that right is pragmatically usurped by a public need to delay his case in particular. Only if the public need exists and outweighs the effects of the "inevitable personal prejudice" caused by the delay is it prudent to consider if that delay created an undue level of prejudice to the defense. *Id. at p. 538*.

"Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." *Id. at p. 531*. In Petitioner's direct appeal, the state court conceded that the approximate fifteen-month delay from arrest to trial was presumptively prejudicial. *Burgett v. State*, No. 2-05-377-CR, slip-op. at p. 6 (Tex. App. - Ft. Worth 2006, aff'd.). Given the presumptively prejudicial delay, the court analyzed the state's reasons for delaying trial and weighed two reason for the delay, finding that the state's unreadiness weighed against the state while the absence of a crucial witness weighed in favor of the state. *Id. at p. 8*. With regard to the Petitioner's assertion of his right to a speedy trial, the court found that Burgett

did not effectively announce his wish for a speedy trial. While Burgett announced "ready for trial," he subsequently filed several motions to dismiss suggesting that Petitioner sought dismissal as opposed to a speedy trial. The court found that the lack of any specific assertion for a speedy trial, combined with the motions to dismiss, weighed against Burgett's speedy trial claim. *Id. at p. 9*.

Employing the same balancing test presented above, this Court does not find that the Petitioner was denied his constitutional right with respect to speedy trial. Furthermore, Burgett presents no evidence that the state appellate court's decision was in conflict with interpretation and application of clearly established federal law established by the Supreme Court of the United States or based upon unreasonable determination of the facts in light of the evidence presented. See 28 U.S.C. § 2254(d)(1); *Williams v. Taylor*, 529 U.S. 362, 405-06, 409 (2000). Therefore, Burgett is not entitled to relief on this ground.

**Law Library Access**

Burgett also asserts that he was denied then right to a fair trial due to lack of access to a law library. His claim is based on the fact that his counsel did not properly present this issue to the state appellate court. *Fed. Writ Pet. at 9.*

The Supreme Court of the United States has stated that it is a fundamental right of prisoners to have access to the law library or trained assistance in preparing meaningful legal claims or defenses. *Degrate v. Godwin*, 84 F.3d 768, 769 (5th Cir. 1996), *Bounds v. Smith*, 430 U.S. 817, 828 (1977). Because Burgett was offered and accepted court-appointed counsel before his trial began, he had no constitutional right to access a law library in preparing his defense. *Caraballo v. Federal Bureau of Prisons* 124 Fed.Appx. 284, 285, 2005 WL 673501, 1 (5th Cir. 2005); see *Degrate*, 84 F.3d at 768-69. Therefore, Burgett is not entitled to relief on this ground.

**Conclusion**

Petitioner has failed to demonstrate that any of the decisions of the state appellate court were flawed with respect to application of federal law or that the facts were construed unreasonably. For the foregoing reasons, the petition for writ of habeas corpus is DENIED.

The Clerk of Court shall transmit copies of this Order to Petitioner and to Counsel for Respondent.

SO ORDERED this 19th day of October, 2010.

_____
**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**